

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
*Norfolk Division*

| | |
|---|---|
| IN THE MATTER OF THE ISSUANCE OF A CRIMINAL COMPLAINT AND ARREST WARRANT RE:<br><br>JAMESON ROSS WEED | **UNDER SEAL**<br><br>Case No. 2:23-mj-10 |

### AFFIDAVIT IN SUPPORT OF APPLICATION FOR CRIMINAL COMPLAINT

I, Stephen Barbour, being duly sworn, hereby depose and state:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a federal law enforcement officer within the meaning of Federal Rule of Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant and make arrests.

2. I am a Special Agent with the Department of the Navy Naval Criminal Investigative Service ("NCIS"). I have been employed by NCIS as a Special Agent for over thirteen years. As such, I am an "investigative or law enforcement officer of the United States" within the meaning of Title 18, United States Code, § 2510(7). That is, I am an officer of the United States, who is empowered by law to conduct investigations regarding violations of United States law, to execute warrants issued under the authority of the United States, and to make arrests if the offenses enumerated in Title 18 of the United States Code. In the course of my duties, I am responsible for investigating crimes, which include, but are not limited to child exploitation, child pornography, and other sexual offenses involving children. I am a graduate of the Criminal Investigator Training Program and the Special Agent Basic Training Program at the Federal Law Enforcement Training Center (FLETC), Glynco, Georgia. Additionally, I am certified to conduct peer-to-peer

investigations through the Ohio Peace Officer Training Commission, and I am certified by the Internet Crimes Against Children (ICAC) training and technical assistance program to conduct undercover child exploitation investigations. I am also a certified Child Forensic Interviewer (CFI). Prior to my employment with NCIS, I was employed as a sworn police officer with the Virginia Beach Police Department for six years. Additionally, I served on active duty in the United States Marine Corps for four years and received an honorable discharge at the end of my service at the rank of Sergeant. I have been conducting federal, state, and military criminal investigations for more than nineteen years to include numerous cases involving sexual assault, child molestation, crimes against children, child pornography, and various other criminal enterprises.

3. The facts in this affidavit come from my personal observations and information obtained from other investigators and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all my knowledge about this matter. Rather, I have included only the facts that are sufficient to establish probable cause for the issuance of a criminal complaint and the issuance of an arrest warrant for the criminal violation described in more detail below.

## STATUTORY AUTHORITY

4. This affidavit is submitted in support of an application for a criminal complaint and arrest warrant charging JAMESON WEED (hereinafter, "WEED") with a violation of Title 18, United States Code, Section 2422(b) (coercion and enticement of a minor).

5. Title 18, United States Code, Section 2422(b) makes it a federal criminal offense to use the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, to knowingly persuade, induce, entice, or coerce any individual who has not attained the age of 18 years, to engage in prostitution or any

sexual activity for which any person can be charged with a criminal offense, or to attempt to do so.

## FACTS AND CIRCUMSTANCES

6. On or about January 28, 2022, WEED met S.C. on a social media platform called "FetLife.com." "FetLife.com" is a social networking website for the "bondage and discipline, dominance and submission, sadochism and masochism" (BDSM), fetish, and "kinky" community. Within approximately a week of meeting on the website, S.C. revealed to WEED that she was 16 years old.[1] WEED was 24 years old at the time and worked and resided at the Naval Medical Center in Portsmouth, Virginia, which is located within the Eastern District of Virginia.

7. Months later, S.C.'s parents were notified by the New York State Police (NYSP) that their daughter was involved in a relationship with an older man. NYSP investigators interviewed S.C. and her parents on June 13, 2022. During the interview, S.C. divulged details regarding her relationship with WEED. S.C. also surrendered her cell phone and computer as evidence and provided a list of usernames and passwords associated with her social media accounts. In October 2022, your affiant conducted a second interview with S.C., during which S.C. divulged additional details regarding her relationship with WEED. During the October 2022 interview, S.C. and her father consented to a voluntary download of S.C.'s Snapchat data. As a result, your affiant reviewed all of S.C.'s saved incoming and outgoing chats, many of which were between S.C. and a username associated with WEED.

8. Based on the interviews with S.C. and the content of the chats, your affiant learned that after meeting on "Fetlife.com," WEED continued to engage in conversation with S.C., using

---

[1] According to FetLife's Guidelines and Privacy Policy, to join FetLife, a user must be at least 18 years old. Therefore, by agreeing to the terms and conditions of the website, a user represents that he/she is at least 18 years of age. S.C. advertised on the website that she was 18 years old.

3

several electronic mediums, including Snapchat and Google. Their conversations became increasingly more sexually explicit over time. WEED and S.C. established what appeared to be the parameters of a "dominant-submissive relationship," in which WEED was the dominant (Dom) and S.C. was the submissive (Sub). WEED established "rules" S.C. was expected to follow. WEED conveyed these rules to S.C. using Snapchat and memorialized many of these rules in a Google Doc, to which both parties had access. WEED suggested that he would help S.C. "grow" and would pass his BDSM experience on to her. WEED discussed the "four pillars of BDSM" with S.C. and frequently used terminology consistent with BDSM. WEED also set up a reward system for S.C. and discussed purchasing her small gifts such as clothing and undergarments in exchange for following the "rules."

9. The content of the chats between WEED and S.C. demonstrates WEED's efforts to form an emotional connection with S.C. Furthermore, the chats convey efforts on WEED's behalf to encourage S.C. to engage in sexually explicit behavior, including, but not limited to, masturbation and bestiality. For example, on at least one occasion, WEED used Snapchat to encourage S.C. to engage in oral sexual conduct with her dog. WEED went into explicit detail suggesting S.C. "hold [the dog]'s head to her [vagina] and grind," "stroke [the dog's] [penis]" and "use pb (peanut butter) or something" to encourage the dog to lick her [vagina]." WEED also told S.C. he wanted a video.

10. WEED and S.C. also exchanged sexually explicit photographs and videos using Snapchat. According to S.C., WEED asked for photos and videos of S.C. depicting her breasts and/or vagina. WEED critiqued some of the photos and advised S.C. to make minor changes. For example, on at least one occasion, WEED told S.C. she had sent a great photo with the caveat that it was "a little close to the camera" and needed to be a "little more centered." WEED then

commented, "that's a great boob/nipple pic." WEED also told S.C. "I hope you know imma need a video with sound eventually. I want to slurp that creamy [vagina] so much."

11. S.C. stated during both interviews with law enforcement that WEED edited some of S.C.'s sexually explicit photos and videos and sold them using Instagram. WEED also created a Cashapp account through which he made proceeds from those sales available to S.C. The content of the chats also suggest that WEED facilitated virtual sexual encounters between S.C. and other adult Snapchat users.

12. WEED and S.C. also used Snapchat to discuss an in-person meeting in New York, which ultimately took place on or about March 24-25, 2022. On or about March 17, 2022, WEED suggested renting a car and driving to New York to "hang out/spend the night" with S.C. WEED further suggested that S.C. could tell her parents she was "going to a friend's and their brother [was] picking [her] up . . . and dropping [her] off too." WEED told S.C. he doesn't ever do "heavy BDSM for a first meet" and asked S.C. to tell him what is allowed and what isn't." WEED stated that if S.C. said no, then they would only engage in "cuddles and bathtime[]." WEED cautioned that this wasn't him "attempting to pressure anything"; said that he would bring condoms as well as B, so either way [S.C.] was comfortable and secure"; and asked if she "want[ed] to make some content when [they met]." A few days prior to meeting in-person, WEED asked S.C. if she wanted her pathetic underage [vagina] filled with his throbbing [penis]. WEED further directed S.C. not to engage in any "horn stuff" or "play" before their meeting. WEED assured S.C. that even though they consented to certain activity via text, he would still ask her in-person.

13. According to S.C., on or about March 24-25, 2022, WEED picked S.C. up from her residence in Hyde Park, NY and drove her to a hotel in Newburgh, NY. WEED furnished S.C. with CBD edibles, a vape, and alcohol. S.C. and WEED then engaged in unprotected oral sex and

vaginal intercourse. Some of the sexual activity that took place between WEED and S.C. was recorded. S.C. and WEED discussed their sexual activity on Snapchat. WEED mentioned that he could still smell her on his beard. Furthermore, in June 2022, NYSP conducted a controlled phone call between S.C. and WEED, during which WEED acknowledged having sex with S.C. at the hotel and that it had been recorded.

14. Title 18, United States Code, Section 2423(b) prohibits any person from traveling in interstate commerce with a motivating purpose of engaging in any illicit sexual conduct with another person. "Illicit sexual conduct" means a sexual act, including contact between the penis and the vulva or the penis and the anus; contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus; the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person, where the individual is younger than 18.

15. NY Penal Code Section 130.25 prohibits someone, being 21 years old or more, from engaging in sexual intercourse with another person less than 17 years old. NY Penal Code Section 130.40 prohibits someone, being 21 years old or more, from engaging in oral sexual conduct or anal sexual conduct with a person less than 17 years old. VA Code Section 18.2-371 prohibits any person 18 years of age or older from engaging in consensual sexual intercourse or anal intercourse, or performing cunnilingus, fellatio, or anilingus upon a child 15 or older not his spouse, child, or grandchild.

16. NY Penal Code Section 263.10 prohibits producing, directing, or promoting an obscene performance, which includes sexual conduct by a child less than 17 years of age. VA Code Section 18.2-374.1 prohibits the act of accosting, enticing, or soliciting a person less than 18

years of age with the intent to induce or force such person to perform in or be a subject of child pornography.

17. "FetLife.com," Snapchat, and Instagram are networking websites that require use of the internet.

## CONCLUSION

18. Based on the information and evidence set forth above, I respectfully submit that there is probable cause to establish that from in or about January 2022 through in or about March 2022, within the Eastern District of Virginia and elsewhere, JAMESON WEED violated Title 18 United States Code, Section 2422(b).

19. Accordingly, I request that a complaint and arrest warrant be issued charging JAMESON ROSS WEED with the above-referenced offense.

Respectfully submitted,

Special Agent Stephen Barbour
Naval Criminal Investigative Service
Department of the Navy
Norfolk, Virginia

Subscribed and sworn before me on this 26th day of January, 2023, in the City of Norfolk, Virginia.

The Honorable Robert J. Krask
UNITED STATES MAGISTRATE JUDGE